IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, TDCJ No. 1047716, § § § | | |
| Petitioner, § § | | |
| V. § | No. 3:20-cv-3524-S-BN | |
| § | | |
| U.S. FIFTH CIRCUIT COURT OF APPEALS, § § § | | |
| Respondent. § § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Demarcus Kenard Joe, a Texas prisoner serving life sentences after being convicted of murder and capital murder in Dallas County, is a frequent *pro se* litigant in this Court. *See, e.g.*, *Joe v. Texas*, No. 3:18-cv-09-G-BH, 2018 WL 1009258, at *3 n.1 (N.D. Tex. Jan. 22, 2018), *rec. accepted*, 2018 WL 949230 (N.D. Tex. Feb. 16, 2018).

Joe has now submitted a filing that has been construed as requesting that this Court issue a writ of mandamus to the United States Court of Appeals for the Fifth Circuit. *See* Dkt. No. 3. And the Court has referred his construed petition for writ of mandamus to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

The federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency

of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

But a court, even a federal court, is not considered an "agency" under the mandamus statute:

> A court is not an officer, employee or agency of the United States against whom a writ of mandamus under § 1361 may be issued. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) (Harlan, J. concurring) ("The District Court mandamus statute, § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("in enacting § 1361 ... , Congress was thinking solely in terms of the executive branch"). Although the Fifth Circuit Court of Appeals does not appear to have specifically addressed this issue, other circuits and courts have found that district courts lack jurisdiction to issue writs of mandamus to other courts, whether higher or equal.

*Whaley v. U.S. Court of Appeals Fifth Circuit/Office of Clerk*, No. 3:18-cv-2816-C-BH, 2018 WL 7118009, at *3 (N.D. Tex. Dec. 31, 2018) (collecting cases), *rec. adopted*, 2019 WL 319579 (N.D. Tex. Jan. 23, 2019).

The Court therefore lacks jurisdiction over this action.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

- 3 -

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE